**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONNA G. ORLOSKI,
      Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
NY-0843-18-0022-I-1

DATE: February 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward Delli-Paoli</u>, Esquire, Staten Island, New York, for the appellant.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying her request for payment of a lump-sum death benefit under the Civil Service Retirement System. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant failed to meet her burden of proving by preponderant evidence her entitlement to a lump-sum death benefit as a stepdaughter of the decedent employee. Initial Appeal File (IAF), Tab 20, Initial Decision at 2-4; *see Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 7 (2006) (observing that the burden of proving entitlement to retirement benefits is on the applicant for such benefits); 5 C.F.R. § 1201.56(b)(2)(ii); *see also Murphy v. Office of Personnel Management*, 103 M.S.P.R. 431, 437 (2006) (stating that the Board cannot order OPM to pay lump-sum death benefits based on equitable principles when the statutory conditions for payment have not been met).

For the first time on review, the appellant raises the possibility of her entitlement to a lump-sum death benefit as a "duly appointed executor or administrator of the estate" of the decedent under 5 U.S.C. § 8342(c). Petition for Review (PFR) File, Tab 9 at 5-8. Specifically, the appellant asserts that she could have been named as the executor in the decedent's will or that, under New York state law, she could be appointed as the administrator of the decedent's

estate. *Id.* at 5-7. The appellant further asserts that she intends to search for the decedent's will, if any, and to take steps to become a court-appointed administrator. *Id.* With her petition for review, the appellant has included her own affidavit dated May 8, 2018. *Id.* at 10-11.

The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). We are not persuaded by the appellant's claim that she was unable to raise the new argument before the administrative judge because she was not represented by counsel and because she was unaware of the applicable Federal and New York state law. PFR File, Tab 9 at 5, 11; *see Morrison v. Department of the Army*, 77 M.S.P.R. 655, 659 n.4 (1998) (observing that, although pro se appellants are not expected to proceed with the precision of an attorney in a judicial proceeding, they may not escape the consequences of inadequate representation).

Nevertheless, for the following reasons, we find that the appellant's new argument and supporting affidavit provide no reason to disturb the initial decision. The Board generally has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). When OPM's final decision contains no determination on a particular issue, the Board lacks jurisdiction over that issue. *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 20 (2011). Here, the appellant did not raise before OPM, and OPM's final decision did not concern, the issue of whether she is entitled to a

lump-sum death benefit as an executor or administrator of the decedent's estate. IAF, Tab 7 at 6-8, 11. Moreover, the appellant indicated in her application for lump-sum death benefits that an executor, administrator, or other official had not been and would not be appointed by the court to settle the estate of the decedent. *Id.* at 11. Therefore, we find that the Board lacks jurisdiction to consider the appellant's new argument. *See Autrey v. Office of Personnel Management*, 27 M.S.P.R. 130, 132 (1985) (finding that the Board lacked jurisdiction over the appellant's claims concerning retirement benefits when he failed to show that they were raised before and considered by OPM).[2]

In addition, the appellant appears to assert on review that she did not make an informed decision to withdraw her request for a hearing during the prehearing conference on March 12, 2018. PFR File, Tab 1; IAF, Tab 18 at 1. Specifically, the appellant claims that she did not see a reason for a hearing because the administrative judge told her that OPM had "won," which she thought was the final decision. PFR File, Tab 1. The record reflects that the administrative judge previously had informed the appellant during the February 8, 2018 status conference that, "based on record evidence to date, she would not be successful in meeting her burden in this appeal." IAF, Tab 16 at 1, 3. An appellant before the Board has the right to withdraw her request for a hearing; however, there is a strong policy in favor of granting an appellant a hearing on the merits of her case. *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 15 (2010). Therefore, a withdrawal of a hearing request must come by way of clear, unequivocal, or decisive action. *Id.* Further, the decision to withdraw a hearing request must be informed, i.e., the appellant must be fully apprised of the relevant adjudicatory requirements and options. *Id.*

Here, we find that the appellant has failed to show that her decision to withdraw her request for a hearing was not informed. The appellant's alleged

---

[2] Our jurisdictional finding does not preclude the appellant from presenting her new argument to OPM under applicable statutory provisions or regulations. *See Autrey*, 27 M.S.P.R. at 132.

explanation that she thought the administrative judge had already made a decision in OPM's favor is belied by the fact that she filed additional evidence and argument in response to the administrative judge's March 13, 2018 Order and Summary of Prehearing Conference documenting the appellant's withdrawal of her hearing request and setting the close-of-record date. IAF, Tabs 18-19. Moreover, in the February 15, 2018 Order and Summary of Conference Call, the administrative judge clearly apprised the appellant of the relevant adjudicatory requirements and hearing procedures such that she knew or should have known that a decision would be made after the scheduled hearing. IAF, Tab 16. Further, despite having the opportunity to object to the administrative judge's summaries of the status and prehearing conferences, the appellant did not do so. IAF, Tab 16 at 5, Tab 18 at 2.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.